65 F.3d 962
 314 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Winston K. GRANT, Appellant.
 No. 93-3033.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 24, 1995.
 
 Before: WALD, GINSBURG, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Much of the content of the challenged testimony could only have been gleaned from statements government informant Roberts made to the officers and reflects more than the officers' visual observations. The testimony provides more than "background evidence," especially considering that the circumstances which led the officers to stop appellant were not at issue. Therefore, the admission of the testimony was erroneous.
 
 
 5
 Even if appellant's right to object to the admission of the challenged testimony was not waived, it is unnecessary for the court to determine whether appellant properly objected to the admission of the hearsay at trial. Although under the harmless error standard, the government rather than the defendant bears the burden of persuasion with respect to prejudice, United States v. Olano, 113 S.Ct. 1770, 1778 (1993), appellant still cannot prevail.
 
 
 6
 It does not appear that the error was prejudicial to the outcome of the trial as the evidence against appellant was substantial. United States v. Mitchell, 49 F.2d 769, 778 (D.C.Cir.1995) (government must demonstrate that admission of hearsay was harmless beyond reasonable doubt), citing United States v. Jordan, 810 F.2d 262, 264 (D.C.Cir.1987). The evidence demonstrates that when appellant's car was stopped and he was asked to exit the vehicle, agents Fleming and Barnes saw a plastic bag sticking out from underneath the driver's seat, which contained a rock-like substance they recognized as crack cocaine. The contents of the bag turned out to be nearly 70 grams of crack cocaine, a quantity consistent with an intent to distribute.
 
 
 7
 Appellant relied for his defense on a claim that the drugs were not his, yet all of the evidence pointed to his exclusive control over the car. Furthermore, the fact that the drugs were found in plain view in appellant's car demonstrates knowledge of the car's contents. Appellant may not simply close his eyes to what is before him. Therefore, because it is clear beyond a reasonable doubt that even without the inadmissible statements the jury would have returned a guilty verdict, the admission of the testimony was harmless error. See United States v. Hasting, 461 U.S. 499, 510-11 (1983) (government must demonstrate that even without the tainted testimony, the jury would have returned a verdict of guilty). Accordingly, appellant's conviction is affirmed.